COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


JAMIE LEE FELLS

                                             MEMORANDUM OPINION* BY
v.       Record No. 1055-05-3               JUDGE ELIZABETH A. McCLANAHAN
                                                   MAY 2, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

Jesse W. Meadows III, for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Jamie Lee Fells appeals his bench trial conviction for possession of a firearm after having

been convicted of a felony in violation of Code § 18.2-308.2.[1]  On appeal, he contends the trial

court erred in finding the evidence sufficient to prove he was the criminal agent who possessed a

firearm while committing a robbery.  For the reasons that follow, we affirm the conviction.[2]

I.  BACKGROUND

"When the sufficiency of the evidence is challenged after conviction, it is our duty to

consider it in the light most favorable to the Commonwealth and give it all reasonable inferences

fairly deducible therefrom."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At trial, the Commonwealth introduced copies of Fells's two prior felony convictions
for robbery.

[2] Fells was also indicted for armed robbery in violation of Code § 18.2-58 and use of a
firearm in the commission of a felony in violation of Code § 18.2-53.1; however, the indictment
at issue was severed from those indictments for trial.  As such, they are not part of this appeal.

534, 537 (1975). The judgment of a trial court will not be disturbed unless plainly wrong or without evidence to support it. Id. If there is evidence to support the conviction, we cannot substitute our own judgment for that of the fact finder even if we might have reached a different conclusion. Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).

Marsha Short was working at a convenience store when a robber entered the store. The robber wore a white towel or t-shirt that covered the part of his face below his nose. Short observed the robber's eyes, forehead, and nose. The robber held a gun to her neck and demanded money from the cash register. Short complied. The robber then demanded money from the lottery machine, but Short had difficulty opening it. The robber told Short, "You better open it or I'm going to shoot you, I'm going to shoot you. Open it. Open it." Short again attempted, but was unable, to open the machine. The robber then pointed the gun at Short, walked her toward the front of the store, and left, approximately ten to fifteen minutes after he had entered. As the robber walked past the store window, the covering on his face fell, and Short saw his facial profile in a mirror for about five seconds. The robbery was recorded on the store's video camera.

Four days after the robbery, Short identified Fells in a photographic lineup. Short requested a "live" lineup so that she could be "absolutely sure." She wanted to identify the person "face to face" and "would not say a hundred percent from any photo of anybody." Approximately ten days after the robbery, Short identified Fells at the "live" lineup as the robber. At trial, she identified Fells again as the robber.

Short testified that the robber "had a mark" over one of his eyes and that his face "looked rough," and "looked like he had a bunch of pimples on it." At trial, Fells had no marks on his face and his skin was clear. Short acknowledged that Fells's face looked "cleaner" than it did during the robbery, but was certain that he was the robber. Short testified that she was not

relying on the photographic or "live" lineups when she identified Fells at trial, stating, "[h]ere today, I recognize him."

Fells denied involvement with the robbery and testified that he was with Tiffany Saunders at the time of the robbery. Saunders did not testify.

## II. ANALYSIS

Fells contends the evidence upon which he was convicted, namely Short's testimony, as well as her photographic, lineup, and trial identifications, was insufficient to prove his identity as the person who possessed the firearm during the robbery. Fells argues Short's purported inconsistent descriptions, along with the videotape recording of the robbery,[3] "prove she was mistaken and cannot be believed." Fells, therefore, maintains that the trial court erred in relying on Short to provide the identification necessary to convict him. We disagree.

In determining whether the evidence presented at trial was sufficient to prove identity, Virginia appellate courts have considered the reliability factors enunciated in Neil v. Biggers, 409 U.S. 188, 199-200 (1972). See Townes v. Commonwealth, 234 Va. 307, 331, 362 S.E.2d 650, 663-64 (1987), cert. denied, 485 U.S. 971 (1988); Smallwood v. Commonwealth, 14 Va. App. 527, 530, 418 S.E.2d 567, 568 (1992). The factors to be considered in determining the reliability of an identification include:

> "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty

---

[3] Fells argues that, contrary to Short's testimony, the videotape recording of the robbery shows that the robber exited the store without backing up, looking back, or pointing the gun at Short and that she turned left and went down an aisle as the robber exited the store. He contends that the recording contradicts Short's testimony and impeaches her credibility. As discussed, *infra*, the court did not find that Short's credibility was impeached, but rather found her to be most credible as to the "crucial" part of her testimony – her identification of Fells as the robber.

demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."

Townes, 234 Va. at 331, 362 S.E.2d at 663-64 (quoting Biggers, 409 U.S. at 199-200).

When applied to the instant case, these factors support the reliability of Short's identification of Fells as the robber. Short observed the robber's eyes, forehead, and nose during the robbery. She saw his face by full profile for at least five seconds when the covering on his face fell as he walked past the store window. Short identified Fells in the photographic lineup four days after the robbery, and was certain when she confidently and positively identified him as the robber in the "live" lineup ten days after the robbery. Short also unequivocally identified Fells at trial and testified that she was not relying on her previous identifications when she stated, "[h]ere today, I recognize him."

Furthermore, the trial court found Short to be a credible witness and summarized her testimony:

> As to the ID, which is the crucial part here, Ms. Short struck me as a very bright and very cognizant young lady, and also, but more importantly, very careful. I understood her testimony to be as to the photo ID, yes, it's him, but I don't want to identify anybody without looking at them in person. Not that it's not him, but I want to be a hundred percent sure.

It is well settled that "'the credibility of witnesses and the weight to be given their testimony are questions exclusively within the province of [the trier of fact].'" Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989) (quoting Barker v. Commonwealth, 230 Va. 370, 373, 337 S.E.2d 729, 732 (1985)); see also Sanchez v. Commonwealth, 41 Va. App. 319, 335, 585 S.E.2d 327, 335 (2003) ("It is within the province of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts presented."). See generally Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215

(2004) (noting that the fact finder may discount an accused's self-serving explanation as a mere effort at "lying to conceal his guilt").

Any difference between Short's descriptions and the actual appearance of Fells at trial goes to the weight of the evidence. See Satcher v. Commonwealth, 244 Va. 220, 249, 421 S.E.2d 821, 838-39 (1992), cert. denied, 507 U.S. 933 (1993). The trial court was capable of "measur[ing] intelligently the weight of identification testimony that ha[d] some questionable feature." Manson v. Brathwaite, 432 U.S. 98, 116 (1977). Short identified Fells several times as the person who committed the robbery with a firearm, and the trial court found her identifications and testimony credible. Based on this evidence, we cannot say that the trial court was plainly wrong in finding the identifications sufficiently reliable to establish that Fells committed the robbery with a firearm.

## III.  CONCLUSION

For the foregoing reasons, we hold the evidence was sufficient as a matter of law to support the trial court's decision that Fells possessed a firearm as a convicted felon. We, therefore, affirm his conviction.

Affirmed.